UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TERRY KELLY | CIVIL ACTION |
| VERSUS | NO. 22-1880 |
| WEBSTER SHIPLEY, ET AL. | SECTION "R" (2) |

## ORDER AND REASONS

Before the Court is plaintiff Terry Kelly's unopposed motion to remand.[1] For the following reasons, the Court denies plaintiff's motion without prejudice to refile in accordance with this Order and Reasons.

## I.   BACKGROUND

This case arises from an automobile collision involving plaintiff and Webster Shipley on September 24, 2021.[2] At the time, Shipley was operating a rental car from Hertz Corporation ("Hertz").[3] On January 24, 2022, plaintiff filed a petition for damages in the Twenty-First Judicial District Court for the Parish of Tangipahoa against Shipley, Hertz, and XYZ Insurance Company.[4]

---

[1]    R. Doc. 9.
[2]    R. Doc. 9-1 at 1.
[3]    R. Doc. 1-1 at 1 (Petition for Damages) ¶ 4.
[4]    R. Doc. 1-1 (Petition for Damages).

Plaintiff later learned that at the time of the collision, Shipley was acting on behalf of his employer, the United States Army Corps of Engineers.  The United States of America filed a notice of removal on Shipley's behalf pursuant to 28 U.S.C. § 2679(d)(2) (the "Westfall Act"), which immunizes federal employees from liability for tort claims arising out of acts undertaken in the course of their official duties.[5]  The Attorney General certified that Shipley was acting within the course and scope of his employment at the time of the collision, and the United States was thus substituted for Shipley as defendant.[6]  The claims against the United States were thereafter governed by the Federal Tort Claims Act (the "FTCA").

On July 12, 2022, plaintiff voluntarily dismissed the United States as a defendant "without prejudice to [p]laintiff's right to refile after satisfying the jurisdictional requirements of the [FTCA] by exhausting administrative remedies[.]"[7]  Accordingly, the only remaining defendants are Hertz and XYZ Insurance Company.

In his motion to remand, plaintiff contends that upon the dismissal of his claims against the United States, this Court lost federal question jurisdiction over the matter.[8]  Plaintiff further asserts that although the parties have diverse

---

[5]    R. Doc. 4-1 at 9-10.
[6]    *Id.*
[7]    R. Doc. 7.
[8]    R. Doc. 9-1 at 2.

citizenship,[9] the amount in controversy does not exceed $75,000.00.[10]   Plaintiff

contends that his past medical expenses are only $19,020.00, and his "symptoms

have diminished,"[11] so it is unlikely his damages could more than triple to meet the

statutory minimum.   Accordingly, plaintiff argues this Court does not have

jurisdiction over his claims against the remaining defendants under 28 U.S.C. §

1332(b), either.

The Court considers the motion below.


## II.    LEGAL STANDARD

Federal courts have jurisdiction over cases "arising under the Constitution,

laws, or treaties of the United States."   28 U.S.C. § 1331.   Whether a claim arises

federal law must be determined by referring to the "well-pleaded complaint."

*Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 8808 (1986) (quoting

*Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983));

*Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).   For diversity

jurisdiction to exist, there must be complete diversity between plaintiffs and

---

9       Plaintiff is a citizen of Louisiana and alleges upon information and belief that
        Hertz is a corporation organized under the laws of Delaware with its
        principal place of business in Florida.  R. Doc. 9-1 at 2.
10      *Id.*
11      *Id.* at 3.

defendants, and the amount in controversy must exceed $75,000.  *See* 28 U.S.C. §

1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

A defendant may remove a civil action filed in state court if a federal court

would have original jurisdiction over the suit.  28 U.S.C. § 1441(a).  On a motion to

remand, the removing party bears the burden of establishing that one of the bases

of jurisdiction exists and that the removal was not procedurally defective.  *Shearer*

*v. Sw. Serv. Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008).  "[D]oubts regarding

whether removal jurisdiction is proper should be resolved against federal

jurisdiction."  *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793

(5th Cir. 2014) (internal quotation marks omitted).  A court "must remand a case

if at any time before final judgment it appears that the district court lacks subject

matter jurisdiction over a case removed from state court."  *Id.* (internal quotation

marks omitted).

## III.  DISCUSSION

The Westfall Act "accords federal employees absolute immunity from

common-law tort claims arising out of acts undertaken in the course of their official

duties."  *Osborn v. Haley*, 549 U.S. 225, 230 (2007).  When a federal employee is

sued, the Act "authorizes the United States to certify that a federal employee was

acting within the scope of her employment, to remove the case to federal court, and

to substitute itself as defendant." *Barnes v. Gittel*, 650 F. App'x 236, 238 (5th Cir. 2016). If the Attorney General "refuse[s] to certify the scope of office of employment," the defendant "may petition the court in which the action was instituted to make the scope-of-employment certification," in which case the Attorney General *may* remove the case to federal court. *Osborn*, 549 U.S. at 241. If, however, the Attorney General issues the certification, such certification "shall conclusively establish the scope of office or employment for purposes of removal." *Id.* Thereafter, the entire action is removed, not just the claims against "federally linked defendants." *Dillon v. State of Miss. Military Dep't*, 23 F.3d 915, 918 (5th Cir. 1994).

"Following certification, removal, and substitution, an action subject to the Westfall Act proceeds as an action against the United States under the FTCA and is subject to the FTCA's 'limitations and exceptions.'" *Barnes*, 650 F. App'x at 240-41 (quoting § 2679(d)(4)). These include the "jurisdictional prerequisite" that "[a]n action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency," and the claim "shall have been finally denied by the agency in writing." *Id.* (quoting 28 U.S.C. § 2675(a)).

Here, plaintiff did not satisfy the "jurisdictional prerequisite" in the FTCA by exhausting administrative remedies before filing suit, so he voluntarily dismissed

the United States without prejudice.[12]  Plaintiff contends that because the United

States is no longer a party to the action, "there is no longer federal subject matter

jurisdiction," warranting remand to state court.[13]

The Supreme Court and the Fifth Circuit have held that certification

pursuant to § 2679(d)(2) "renders the federal court exclusively competent and

categorically precludes a remand to state court." *Osborn*, 549 U.S. at 243; *see also*

*Garcia v. United States*, 88 F.3d 318, 327 (5th Cir. 1996) ("The Westfall Act basis

is grounded in what we read as a clear and constitutional directive by the Congress

that removed actions with an Attorney General certification as to remain in federal

court."). Accordingly, the Supreme Court has described the Westfall Act's grant of

jurisdiction under § 2679(d)(2) as an "antishuttling provision" that generally

"forecloses any jurisdictional inquiry." *Osborn*, 549 U.S. at 243.

However, these holdings arise in the context of challenges to federal

jurisdiction following the judicial determination that the federal employee was not,

in fact, operating the in the scope of his or her employment.  *See id.* at 227

("Congress has barred a district court from passing the case back to the state court

where it originated based on the court's disagreement with the Attorney General's

scope-of-employment determination"); *Garcia*, 88 F.3d at 325 ("[U]pon rejection

---

[12]    R. Doc. 7.

[13]    R. Doc. 9-1 at 2.

of the Attorney General's certification, the district court retains jurisdiction and may not remand the action to a state court."); *Palmer v. Flaggman*, 93 F.3d 196, 201 n. 38 (5th Cir. 1996) ("Note that even if [the employee] is resubstituted as defendant . . . the federal court must retain jurisdiction over the case[.]"). This is because "considerations of judicial economy, convenience and fairness to litigants make it reasonable and proper for the federal forum to proceed beyond the federal question to final judgment once it has invested time and resources on the initial scope-of-employment contest." *Garcia*, 88 F.3d at 325; *see also Osborn*, 549 U.S. at 246 (same).

This rationale is inapplicable where, as here, the United States is dismissed before any litigation over the scope-of-employment question. Accordingly, when claims against the United States are dismissed for failure to exhaust under the FTCA and there is no other basis for subject matter jurisdiction over the remaining claims, courts have declined to retain jurisdiction. *See Dillon*, 23 F.3d 918 n.6 (noting that in a similar case, after "the United States' motion to dismiss [was] granted," the district court "remanded the remaining case" to state court); *Bush v. Jones*, No. 01-275, 2001 WL 1530349, at *3 (N.D. Miss. 2001) ("Having dismissed the claims against the United States, the court remands the remaining claim against [non-federal defendants][.]"); *Leal v. BR Healthcare Sols., LLC*, No. 17-00740, 2017 WL 9435573, at *2 (W.D. Tex. Sept. 20, 2017) ("Having dismissed the

claim upon which federal jurisdiction was based [for failure to exhaust under the

FTCA], this Court is inclined to remand [p]laintiffs' remaining negligence claim . .

. if the Court has only supplemental jurisdiction over this claim.").

Plaintiff contends that here, there is no other basis for jurisdiction.  Plaintiff's

claims against Hertz and XYZ Insurance Company are brought under state law,

and he asserts that although there is diversity of citizenship between Hertz and

himself,[14] the amount in controversy does not exceed $75,000, as 28 U.S.C. §

1332(a) requires.  Consistent with Louisiana law, plaintiff did not state the amount

of controversy in his petition for damages.[15]  Plaintiff alleged that the collision had

caused or will cause physical disability and loss of income, and that he is entitled

to recover "medical expenses, drug/prescription medication, surgery,

rehabilitation therapy, diagnostic procedures, travel and other related and

necessary expenses," but nowhere does plaintiff state the nature or extent of his

personal injuries.[16]  Accordingly, the amount in controversy was "ambiguous at the

time of removal." *Mitchell v. Allstate Ins. Co.*, No. 07-8763, 2008 WL 1862366, at

*2 (E.D. La. Apr. 24, 2008).

---

[14]   R. Doc. 9 at 1-2.  Plaintiff makes no representation about the citizenship of
       XYZ Insurance Company.
[15]   La. Code Civ. Proc. Art. 893(A)(1) provides that "[n]o specific monetary
       amount of damages shall be included in the allegations or prayer for relief of
       any original, amended, or incidental demand."
[16]   R. Doc. 1-1 at 2.

In such circumstances, the Court may consider a post-removal affidavit that clarifies the amount in controversy at the time of removal. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal."). Plaintiff has submitted no such affidavit; instead, he merely represents in his motion that his medical expenses are roughly $19,020,[17] and that his "symptoms have diminished."[18]

The Court thus denies plaintiff's motion without prejudice to refile with an affidavit in which plaintiff stipulates that the amount in controversy does not exceed $75,000 and waives his entitlement to any award in excess of $75,000. *Dunlap v. Allstate Ins. Co.*, No. 07-6045, 2008 WL 2266227, at *1 (E.D. La. June 3, 2008); *see also Farber v. Goodyear Tire & Rubber Co.*, No. 14-2840, 2015 WL 13529951, at *1 (E.D. La. Mar. 23, 2015) (finding "that the jurisdictional amount is lacking" based on plaintiff's affidavit that "stipulat[ed] the amount in controversy does not exceed $75,000" and "waive[s] entitlement to any award in excess of $75,000").

---

[17]    R. Doc. 9-1 at 3.
[18]    *Id.*

## IV.  CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion to remand without prejudice.

New Orleans, Louisiana, this ____9th____ day of September, 2022.

_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE