UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TERRY KELLY                                                CIVIL ACTION

VERSUS                                                    NO. 22-1880

WEBSTER SHIPLEY, ET AL.                         SECTION "R" (2)

### ORDER AND REASONS

Before the Court is plaintiff Terry Kelly's second unopposed motion to remand.[1] For the following reasons, the Court grants plaintiff's motion.

This case arises from an automobile collision involving plaintiff and Webster Shipley on September 24, 2021.[2] At the time, Shipley was operating a rental car from Hertz Corporation ("Hertz").[3] On January 24, 2022, plaintiff filed a petition for damages in the Twenty-First Judicial District Court for the Parish of Tangipahoa against Shipley, Hertz, and XYZ Insurance Company.[4] Plaintiff later learned that at the time of the collision, Shipley was acting on behalf of his employer, the United States Army Corps of Engineers. The United States of America filed a notice of removal on Shipley's behalf pursuant to 28 U.S.C. § 2679(d)(2) (the "Westfall Act"), which immunizes federal employees from liability

---

[1]     R. Doc. 11.
[2]     R. Doc. 9-1 at 1.
[3]     R. Doc. 1-1 at 1 (Petition for Damages) ¶ 4.
[4]     R. Doc. 1-1 (Petition for Damages).

for tort claims arising out of acts undertaken in the course of their official duties.[5] The Attorney General certified that Shipley was acting within the course and scope of his employment at the time of the collision, and the United States was thus substituted for Shipley as defendant.[6] The claims against the United States were thereafter governed by the Federal Tort Claims Act (the "FTCA").

On July 12, 2022, plaintiff voluntarily dismissed the United States as a defendant "without prejudice to [p]laintiff's right to refile after satisfying the jurisdictional requirements of the [FTCA] by exhausting administrative remedies[.]"[7] Accordingly, the only remaining defendants are Hertz and XYZ Insurance Company.

Plaintiff filed his initial motion to remand on July 13, 2022. He argued that in the absence of a federal defendant, this Court lacked jurisdiction over the matter because although plaintiff and the remaining defendants had diverse citizenship, the amount in controversy did not exceed $75,000.

In its September 9, 2022 Order and Reasons, this Court found that the amount in controversy was "ambiguous at the time of removal."[8] In such circumstances, "the Court may consider a post-removal affidavit that clarifies the

---

[5] R. Doc. 4-1 at 9-10.
[6] *Id.*
[7] R. Doc. 7.
[8] R. Doc. 10 at 8 (quoting *Mitchell v. Allstate Ins. Co.*, No. 07-8763, 2008 WL 1862366, at *2 (E.D. La. Apr. 24, 2008).

amount in controversy at the time of removal."[9]  Because plaintiff did not submit such an affidavit, the Court denied plaintiff's motion without prejudice to refile with an affidavit in which plaintiff "stipulates that the amount in controversy does not exceed $75,000 and waives his entitlement to any award in excess of $75,000."[10]

On September 23, 2022, plaintiff submitted his second unopposed motion to remand, this time accompanied by an affidavit in which he "agree[d] not to accept more than the principal amount of seventy-five thousand dollars ($75,000) in damages, exclusive of interest and costs."[11]  Accordingly, the Court GRANTS plaintiff's motion to remand.  This case is REMANDED to the Twenty-First Judicial District Court for the Parish of Tangipahoa.

New Orleans, Louisiana, this __24th__ day of October, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[9]  *Id.* at 9 (citing *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).
[10] *Id.*
[11] R. Doc. 11-1.